**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

GERMAN ROBLES-GARCIA,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 13-4031-MWB
(No. CR 10-4011-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S MOTION
PURSUANT TO 28 U.S.C. § 2255**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Standards For § 2255 Relief* . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *B. Procedural Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      *1. Preliminary matters* . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 8
      *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 8
      *2. Failure to investigate alleged juror misconduct* . . . . . . . . . 12
      *3. Failure to present plea agreement* . . . . . . . . . . . . . . . . 14
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION

This case is before me on petitioner German Robles-Garcia's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. Docket no. 4), filed on April 9, 2013. Robles-Garcia claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel. The respondent denies that Robles-Garcia is entitled to any relief on his claims.

### A. The Criminal Proceedings

On April 22, 2010, Robles-Garcia was charged by a Second Superseding Indictment (Crim. Docket no. 74), with conspiracy to distribute 50 grams or more of actual methamphetamine or 500 grams or a mixture or substance containing a detectable amount of methamphetamine and to distribute 5 grams or more of actual methamphetamine or 50 grams of a mixture or substance containing a detectable amount of methamphetamine. On May 21, 2010, the prosecution filed a Third Superseding Indictment (Crim. Docket no. 123), charging Robles-Garcia with kidnaping in addition to the drug conspiracy. On June 1, 2010, Robles-Garcia appeared in front of then-Chief Magistrate Judge Paul A. Zoss to enter a plea of not guilty to the Third Superseding Indictment. *See* Crim. Docket no. 136.

The prosecution filed a Fourth Superseding Indictment (Crim. Docket no. 262), on August 18, 2010, amending the drug conspiracy count to include distribution of 50 grams or more of actual methamphetamine and 500 grams of a mixture or substance containing a detectable amount of methamphetamine and distribution of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. The Fourth Superseding Indictment also clarified that the alleged kidnap victim was held for ransom or otherwise,

2

to force him to deliver currency, including drug profits, to Robles-Garcia. *See* Crim. Docket no. 262. On August 19, 2010, Robles-Garcia, by counsel, filed a Written Waiver of Personal Appearance At Arraignment (Crim. Docket no. 266), entering a written plea of not guilty to the Fourth Superseding Indictment.

On August 20, 2010, Robles-Garcia proceeded to trial by jury. *See* Crim. Docket no. 274. On August 27, 2010, the jury returned a verdict of guilty on the drug conspiracy charge and a verdict of guilty on the kidnaping charge. *See* Crim. Docket no. 285.

Robles-Garcia appeared before me on December 21, 2010, for a sentencing hearing. *See* Crim. Docket no. 428. By counsel, Robles-Garcia objected to the application of a role enhancement. *See* Sent. Trans. at 3. The government objected to the drug quantity scoring, arguing for an amount over that recommended by the PSIR. *See* Sent. Trans. at 3. After consideration of the evidence, based on my finding by a preponderance of the evidence that Robles-Garcia was an organizer or leader in the kidnaping because his involvement in the kidnaping was otherwise extensive, I overruled Robles-Garcia's objection to application of the four-level increase for his role in the offense. *See* Sent. Trans. at 29-30. I also overruled the government's objection to drug quantity on the basis that the government had not established that the additional amount requested was related to relevant conduct or was reasonably forseeable. *See* Sent. Trans. at 31. I determined that Robles-Garcia's total offense level was 42, his criminal history category was 1, and that the guidelines range was 360 to life. *See* Sent. Trans. at 31. After review and consideration of the § 3553(a) factors, I sentenced Robles-Garcia to 600 months imprisonment on the drug conspiracy and 600 months on the kidnaping conviction, to run concurrently. *See* Sent. Trans. at 41-43.

On December 30, 2010, by counsel, Robles-Garcia filed a Notice of Appeal (Crim. Docket no. 406) to the United States Court of Appeals for the Eighth Circuit. Robles

argued that there had been insufficient evidence upon which to convict him and that his trial counsel had been ineffective. *See* Crim. Docket no. 434, at 3-4. He also argued that I had considered unreliable evidence in the determination of his sentence and had erroneously applied the leader-organizer enhancement. *See* Crim. Docket no. 434, at 4. Robles-Garcia further argued that his sentence violated the Eighth Amendment guarantee against cruel and unusual punishment. *See* Crim. Docket no. 434, at 4.

On December 9, 2011, the Eighth Circuit Court of Appeals entered its Opinion (Crim. Docket no. 434), concluding that there was sufficient evidence to support Robles-Garcia's conviction for conspiring to distribute less than 50 grams of methamphetamine mixture and to support his conviction for conspiracy to distribute greater than 50 grams of actual methamphetamine. *See* Crim. Docket no. 434, at 7. The Eighth Circuit Court of Appeals also ruled that I did not err in considering the testimony of Officer Hansen, in determining the appropriate sentence for Robles-Garcia, because his testimony had sufficient indicia of reliability and Robles-Garcia had the opportunity to rebut such testimony. *See* Crim. Docket no. 434, at 10. Further, the court held that I did not err in applying the leader-organizer enhancement in Robles-Garcia's case. *See* Crim. Docket no. 434, at 11. The Eighth Circuit Court of Appeals did not consider Robles-Garcia's claims of ineffective assistance of counsel because it would have required them to look outside of the record on appeal. *See* Crim. Docket no. 434, at 12. The court also held that Robles-Garcia's sentence did not violate the Eighth Amendment because his two concurrent 600-month terms were well within the punishments prescribed by statute. *See* Crim. Docket no. 434, at 13.

Robles-Garcia, by counsel, filed a Writ of Certiorari to the United States Supreme Court, on May 17, 2012. (Crim. Docket no. 442). The writ was denied on April 16, 2012. *See* Crim. Docket no. 446.

4

### B. The § 2255 Motion

On April 9, 2013, Robles-Garcia filed a *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 4). On April 10, 2013, the respondent filed an Answer (Civ. docket no. 5). On July 15, 2013, counsel appointed to represent Robles-Garcia in this matter filed a Brief In Support Of Defendant's Motion To Vacate, Set Aside or Correct Sentence (Civ. docket no. 7). The respondent filed its Response and Memorandum In Support Of Government's Response To Defendant's Motion (Civ. docket no. 10), on July 31, 2013. By counsel, Robles-Garcia, filed a Reply To The Government's Response (Civ. Docket no. 11), on September 4, 2013.

## II. LEGAL ANALYSIS
### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by

5

law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

6

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

With these standards in mind, I turn to analysis of Robles-Garcia's claims for § 2255 relief.

### B. Procedural Matters

#### 1. *Preliminary matters*

Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro v. United States*, 538 U.S. 500, 509, that does not mean that an evidentiary

7

hearing is required for every ineffective assistance claim presented in a § 2255 motion. No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *See Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013). In this case, I conclude that no evidentiary hearing is required on any issue because the motion, the files, and the record conclusively show that Robles-Garcia is entitled to no relief.

### 2. *Procedural default*

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). To the extent that I can construe Robles-Garcia's claims as claims of ineffective assistance of counsel, I will consider them on the merits.

### C. *Ineffective Assistance Of Counsel*
### 1. *Applicable standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is

8

constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

      The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings,

9

it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689). Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.*, at 690, 104 S. Ct. 2052. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.*, at 688, 104 S. Ct. 2052. The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.*, at 690, 104 S. Ct. 2052.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. To put it another way,

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S. Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 787 (2011); *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Richter*). There are two substantial impediments to making the required showing of deficient performance. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'" *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice. *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92). "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691). As the Supreme Court has explained,

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid*. That requires a "substantial," not just

11

"conceivable," likelihood of a different result. *Richter*, 562
U.S., at ––––, 131 S. Ct., at 791.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. However, even where the petitioner "suffered prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the lawyer's error was also the result of conduct that was professionally unreasonable at the time. *King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as sequential. Thus, if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

### 2. *Failure to investigate alleged juror misconduct*

Robles-Garcia alleges that his trial counsel provided ineffective assistance by failing to properly investigate alleged juror misconduct. Motion at 4. Robles-Garcia argues that his attorney received information during the trial that the jurors had been talking to each other and discussing witness credibility prior to deliberation. Motion at 4.

Robles-Garcia argues that he was prejudiced by his attorney's failure to further investigate possible juror misconduct, based on this information. Motion at 4. By counsel, he declares that, in the instant case, it is clear that at least one of the jurors had disregarded the Court's instructions on juror conduct during trial, and trial counsel failed

12

to investigate the extent of this misconduct by questioning the jury and determining whether or not a mistrial should be declared. Brief at 15. Robles-Garcia argues that, under these circumstances, a reasonable probability exists that the jurors did not take the Court's instructions seriously and that the outcome of the trial would have been different. Brief at 15. The respondent argues that Robles-Garcia has not demonstrated that his trial counsel's failure to further investigate the incident in any way undermined confidence in the outcome of the trial. Response at 8.

During the trial, I was informed that one of the court security officers had overheard the jurors discussing the case during a recess. Trial Trans. at 413. I held a sidebar conference with the attorneys during which I questioned the court security officer about what he had overheard. Trial Trans. at 415-416. The court security officer, under oath, stated that he had heard the jurors state that they felt that one witness's testimony was credible because the witness had answered one question consistently, and the jurors mentioned something about the work history of another witness. Trial Trans. at 415-416. At the conclusion of the sidebar, counsel for Robles-Garcia agreed that the best course of conduct, rather than further investigating the issue, would be for me to admonish the jury at the end of the day. Trial Trans. at 419-420.

"The district court has broad discretion in managing juror misconduct allegations. . . ." *United States v. Wintermute*, 443 F.3d 993, 1002 (8th Cir. 2006). However, "[f]ederal Rule of Evidence 606(b) generally precludes inquiry into intrajury communications." *United States v. Johnson*, 495 F.3d 951, 981 (8th Cir. 2007)(citing *United States v. Caldwell*, 83 F.3d 954, 956 (8th Cir. 1996)). "The two exceptions to the rule permit testimony regarding 'extraneous prejudicial information and outside influences brought to bear on the jury.'" *Id*. So, while it is true that jurors should clearly abstain from communicating to one another about a case before they have been instructed to begin

13

deliberations by the trial court, when there are premature deliberations among jurors with no allegations of external influence on the jury, there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial. *See United States v. Gianakos*, 415 F.3d 912, 921 (8th Cir. 2005).

Here, there was no allegation of any external influence on the jury and the remarks were not based on extraneous information, but merely reflected the juror's thoughts on the testimony presented at trial. *See* Trial Trans. at 421. Trial counsel states that "there was no allegation of any undue outside influence and the discussion took place where only jurors were present." Trial Counsel Aff. at 1. "It was felt at that time that the admonishment would be sufficient to correct the problem." Trial Counsel Aff. at 1.

It is not ineffective assistance of counsel to fail to raise a meritless claim. *See Clemons v. Armontrout*, 921 F.2d 187, 191 (8th Cir. 1990). There were simply no allegations of misconduct in this case sufficient to merit further investigation by the court. Therefore, Robles-Garcia has not established that his trial counsel's "representation fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. For this reason, Robles-Garcia's claim that his trial counsel provided ineffective assistance of counsel, on this ground, fails.

### 3. *Failure to present plea agreement*

Robles-Garcia argues that his trial counsel provided ineffective assistance of counsel by failing to inform him of the prosecution's plea offer. Motion at 6. Robles-Garcia claims that he would have accepted the plea offer rather than proceeding to trial and that it would have resulted in a two-point reduction in his sentence. Motion at 6. The respondent states that there was never a plea offer made in this case. Response at 8.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the

14

accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). In this case, trial counsel states, by affidavit, that no formal plea offer was ever made. Trial Counsel Aff. at 1. Robles-Garcia has not established that his trial counsel failed in any duty simply because he has failed to establish that there ever was a plea offer to be presented to, or considered by, him. For this reason, Robles-Garcia has not shown deficient performance on the part of his trial counsel, and his claim, on this basis, fails.

### D. Certificate Of Appealability

Denial of Robles-Garcia's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133

15

F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Robles-Garcia has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Robles-Garcia's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Robles-Garcia does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Upon the foregoing, Robles-Garcia's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 11th day of October, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA