# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GERMAN ROBLES-GARCIA,<br><br>  Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. C 13-4031-MWB<br>(No. CR 10-4011-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION TO RECONSIDER** |

_____

This case is before me on petitioner Robles-Garcia's "[Motion For] Reconsideration In Accordance With FcRp 59(e)" (docket no. 16), which was signed November 7, 2013, postmarked November 12, 2013, and received and docketed by the Clerk of Court on November 15, 2013. Robles-Garcia seeks reconsideration of my October 11, 2013, Memorandum Opinion And Order Regarding Petitioner's Motion Pursuant To 28 U.S.C. § 2255 (docket no. 13), which denied his § 2255 Motion in its entirety, and the Judgment (docket no. 14) entered pursuant to my Memorandum Opinion. The respondent filed no response to Robles-Garcia's Motion For Reconsideration.

Robles-Garcia requests reconsideration of only part of my Memorandum Opinion, the part in which I rejected his claim that his trial counsel provided ineffective assistance by failing to inform him of a plea offer from the prosecution. In his original § 2255 Motion, he argued that he would have accepted the plea offer rather than proceeding to trial and that doing so would have resulted in at least a two-point reduction in his sentence for acceptance of responsibility. In response to Robles-Garcia's § 2255 Motion, the respondent argued that there was never a plea offer made in the case, and trial counsel

provided an affidavit that no formal plea offer was ever made. I concluded that Robles-Garcia had not established that his trial counsel failed in any duty to advise him of a plea offer, simply because Robles-Garcia had failed to establish that there ever was a plea offer to be presented to or considered by him. For that reason, I concluded that Robles-Garcia had not shown deficient performance on the part of his trial counsel and that his claim failed. Memorandum Opinion (docket no. 13) at 14-15. I also denied a certificate of appealability on any claim in Robles-Garcia's § 2255 Motion. *Id*. at 15-16.

In his Motion For Reconsideration, Robles-Garcia now claims that there was a plea offer for ten years of imprisonment and that his trial counsel misadvised him to go to trial, and lose the two-point reduction in his sentence for acceptance of responsibility, instead of taking the plea offer. He argues, and offers a statement under oath averring, that there was, in fact, a plea offer made to him during pre-trial proceedings, that he actually saw it, and, indeed, that the interpreter translated the "plea deal" to him in Spanish.

As the Eighth Circuit Court of Appeals has explained, "The Federal Rules of Civil Procedure do not account for 'motions to reconsider.'" *Nelson v. American Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012); *accord Hallquist v. United Home Loans, Inc.*, 715 F.3d 1040, 1044 n.2 (8th Cir. 2013) ("[T]he Federal Rules of Civil Procedure do not contemplate a 'motion to reconsider.'"); *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) ("[W]e have discouraged the use of a self-styled motion to reconsider 'that is not described by any particular rule of federal civil procedure.'" (quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). Nevertheless, courts "typically construe such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Ackerland*, 633 F.3d at 701 (citing *Auto Servs. Co. v. KPMG, L.L.P.*, 537 F.3d 853, 855 (8th Cir. 2008)); *accord Hallquist*, 715 F.3d at 1044 n.2 (also noting that "motions to reconsider" are "treated as a motion to alter or

amend judgment under Federal Rule of Civil Procedure 59(e)") (citing *Auto Servs Co.*, 537 F.3d at 855)). "While it is sometimes difficult to discern whether a motion to reconsider arises under Rule 59(e) or Rule 60(b)," as in *Ackerland*, "the distinction makes no difference here." *Id.*

Rule 59(e) provides only that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). As to grounds for such relief, the Eighth Circuit Court of Appeals has explained that Rule 59(e) is not the proper vehicle to raise new arguments. *See Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rather, its proper, limited purpose is "correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (quoting *Hagerman*, 839 F.2d at 414); *accord United States ex rel. Raynor v. National Rural Utils. Co-op. Fin. Corp.*, 690 F.3d 951, 948 (8th Cir. 2012) ("'Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact. . . .'" (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Even though a Rule 59(e) motion may be based on "newly discovered evidence," it "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (citing *Hagerman*, 839 F.2d at 414). Rule 59(e) also cannot be used to assert a completely different legal theory. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). A district court has "broad discretion" in deciding whether or not to grant a Rule 59(e) motion. *Raynor*, 690 F.3d at 948.

Rule 60(b)(2) expressly provides that a court may relieve a party from a final judgment, order, or proceeding based on "newly discovered evidence," but such "newly discovered evidence" must be evidence "that, with reasonable diligence, could not have

3

been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b); *Nelson*, 702 F.3d at 1043 ("Rule 60 does allow the district court to relieve a party from a judgment or order if the party offers 'newly discovered evidence.'" (quoting FED. R. CIV. P. 60(b)(2))); *Kaufman v. Van Santen*, 696 F.2d 81, 83 (8th Cir. 1983) (finding that the district court did not abuse its discretion in denying a Rule 60(b) motion when the proffered "new evidence" was "readily and equally" available to the appellant prior to trial). Denial of a Rule 60(b) motion also is reviewed only for "abuse of discretion." *Nelson*, 702 F.3d at 1043.

Robles-Garcia asserts that his Motion For Reconsideration is pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Assuming, without deciding, that his Rule 59(e) motion was timely—because Robles-Garcia was incarcerated and his motion was *signed*, albeit neither mailed, received, nor filed, within 28 days of the judgment that Robles-Garcia seeks to alter or amend—Robles-Garcia is not entitled to relief under Rule 59(e). Robles-Garcia purports to base his Motion For Reconsideration on "new evidence" that there was, in fact, a plea offer and that his trial counsel advised him not to take it, but this "new evidence" was clearly known to Robles-Garcia before I entered my Memorandum Opinion denying his § 2255 Motion. *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (explaining that this is an improper basis for relief on a Rule 59(e) motion). Indeed, his present argument is not just based on "new evidence," but is based on an entirely different legal theory of ineffective assistance of counsel—misadvice about whether or not he should take a plea offer, instead of his original claim of failure to advise him of a plea offer—which is also an improper basis for relief under Rule 59(e). *Id.*; *accord Schoffstall*, 223 F.3d at 827; *Concordia College Corp.*, 999 F.2d at 330. Thus, as a motion based on Rule 59(e), Robles-Garcia's Motion For Reconsideration is denied.

4

It is also denied as a motion based on Rule 60(b)(2), even though that rule expressly provides for relief from a judgment based on "newly discovered evidence." FED. R. CIV. P. 60(b)(2). The "new" evidence that Robles-Garcia relies on plainly is *not* evidence that "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," but evidence that was known to him at that time. FED. R. CIV. P. 60(b); *Nelson*, 702 F.3d at 1043 ("Rule 60 does allow the district court to relieve a party from a judgment or order if the party offers 'newly discovered evidence.'" (quoting FED. R. CIV. P. 60(b)(2))); *Kaufman*, 696 F.2d at 83 (finding that the district court did not abuse its discretion in denying a Rule 60(b) motion when the proffered "new evidence" was "readily and equally" available to the appellant prior to trial).

Furthermore, because Robles-Garcia has failed to make a substantial showing that any issue raised in his Motion For Reconsideration is debatable among reasonable jurists, that a court could resolve any such issue differently, or that any such issue deserves further proceedings, a certificate of appealability on his Motion For Reconsideration is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 uct 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE, petitioner Robles-Garcia's "[Motion For] Reconsideration In Accordance With FcRp 59(e)" (docket no. 16) is **denied.** No certificate of appealability will issue for any claim or contention in his Motion For Reconsideration.

**IT IS SO ORDERED**.

**DATED** this 11th day of March, 2014.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA