# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GERMAN ROBLES-GARCIA,<br><br>        Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 13-4031-MWB<br>(No. CR 10-4011-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION TO VACATE ORDER PURSUANT TO RULE 60(B)(1), (3), (4), AND (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

_____

      This case is before me on petitioner Robles-Garcia's *pro se* "Motion To Vacate Order Pursuant To Fed. R. Civ. P. 60(b)(1)(3)(4)(6)" (Motion To Vacate) (docket no. 29), which was received and docketed on June 26, 2014. In that Motion, Robles-Garcia seeks relief from my June 2, 2014, Order (docket no. 27) denying his request for a certificate of appealability. Robles-Garcia contends that his Motion To Vacate is a proper Rule 60(b) motion, because it asserts just one claim attacking the integrity of the proceedings on his original § 2255 Motion as to allegations of juror misconduct and ineffective assistance of trial counsel for failure to advise him of a plea agreement. Although Robles-Garcia contends that he has only "one claim" attacking the integrity of the proceedings, he nevertheless asserts that his Motion To Vacate raises four distinct questions. Those questions are the following: (1) whether I clearly erred by denying his request for a certificate of appealability; (2) whether I clearly erred by rejecting his claim of ineffective assistance of trial counsel regarding allegations of juror misconduct without holding an evidentiary hearing; (3) whether I clearly erred by denying an

evidentiary hearing, because doing so created an insurmountable barrier to proof of prejudice from trial counsel's ineffective assistance; and (4) whether the statutory provisions governing appointment of counsel in collateral proceedings, 28 U.S.C. § 3006A *et seq.*, impose upon appointed counsel the duty to address and cure all noticeable deficiencies in *pro se* pleadings.

In a Response (docket no. 30), filed July 3, 2014, the respondent argues that Robles-Garcia's Motion To Vacate is, in fact, a second or successive § 2255 motion, because it asserts claims that I wrongly decided Robles-Garcia's claims for relief in his original § 2255 Motion. The respondent argues that, because no such second or successive § 2255 motion has been authorized, this court must deny the Motion To Vacate for lack of jurisdiction. The respondent also argues that, because an appeal is pending on Robles-Garcia's original § 2255 Motion, his second or successive § 2255 motion is premature and that there are no extraordinary circumstances that would permit me to consider it at this time.

I cannot agree with Robles-Garcia that his Motion To Vacate is a proper Rule 60(b) motion, because it purportedly only "attacks 'some defect[s] in the integrity of the federal habeas proceedings.'" *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Rather, my denial of an evidentiary hearing—raised in Robles-Garcia's questions 2 and 3—did not preclude a determination on the merits of Robles-Garcia's claims for § 2255 relief, in the way that a denial for failure to exhaust, procedural default, or a statute of limitations bar would have. *See id*. Rather, my denial of an evidentiary hearing was *the result* of my determination *on the merits* that Robles-Garcia's original § 2255 Motion, the files, and the record conclusively showed that Robles-Garcia was entitled to no relief. *See* Memorandum Opinion And Order Regarding Petitioner's Motion Pursuant To 28 U.S.C. § 2255 (Merits Opinion) (docket no. 13), 7-8 (filed October 11, 2013) (citing *Jeffries v.*

*United States*, 721 F.3d 1008, 1014 (8th Cir. 2013), for this standard for denial of an evidentiary hearing on a § 2255 motion). Similarly, my denials of a certificate of appealability—raised in Robles-Garcia's question 1—did not preclude a determination on the merits, they *were* determinations that Robles-Garcia's claims had no arguable merit. *See* Merits Opinion at 15-16 (denying a certificate of appealability on the claims in Robles-Garcia's original § 2255 Motion); Order (docket no. 17) (first order on motion to reconsider, *inter alia*, denying a certificate of appealability); Order (docket no. 27) (second order denying a motion to reconsider denial of a certificate of appealability). Robles-Garcia's question 4 is, likewise, not merely an attack on the integrity of the federal *habeas* proceedings, "'but in effect asks for a second chance to have the merits determined favorably,'" because it is "'based on [Robles-Garcia's] habeas counsel's omissions.'" *Ward*, 577 F.3d at 933 (quoting *Gonzalez*, 545 U.S. at 532 n.5). Thus, Robles-Garcia's Motion To Vacate must be denied for failure to obtain authorization from the Eighth Circuit Court of Appeals for a second or successive § 2255 motion. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (*per curiam*); 28 U.S.C. § 2244(b)(3)(A).

Yet, even if Robles-Garcia's Motion To Vacate is properly construed as a Rule 60(b) motion, rather than as a second or successive § 2255 motion, it must be denied. Robles-Garcia has not identified the "mistake, inadvertence, surprise, or excusable neglect" on which he relies for relief pursuant to Rule 60(b)(1), and he does not press that ground for relief. Similarly, he does not press for relief under Rule 60(b)(3), which "permits the court to set aside a 'final judgment, order, or proceeding' that was obtained by 'fraud . . ., misrepresentation, or misconduct.'" *White v. National Football League*, ___ F.3d ___, ___, 2014 WL 2782203, *7 (8th Cir. June 20, 2014) (quoting Rule 60(b)(3)). The only arguable basis for relief under this provision of the rule appears to be Robles-Garcia's contention that the respondent has never affirmatively represented

3

that it did not offer him a plea agreement, but has instead relied on his trial counsel's affidavit averring that there never was a plea offer. This allegation falls well short of the "clear and convincing proof" that the respondent engaged in fraud or misconduct that prevented Robles-Garcia from fully and fairly presenting his claim that his trial counsel was ineffective for failing to present him with a plea offer. *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014). Again, trial counsel's affidavit that Robles-Garcia was never offered a plea agreement and the lack of any other evidence of a plea offer in the record were fatal to this ineffective assistance of counsel claim. Moreover, Robles-Garcia's subsequent allegation that there really was a plea offer, that he saw it, and that the interpreter translated the "plea deal" to him in Spanish, *see, e.g.,* Order (docket no. 17) at 2, destroys the factual basis for his original claim that his trial counsel failed to advise him of a plea offer.

Robles-Garcia argues that "the most appropriate subsections [for his Motion To Vacate] should be under [Rule] 60(b) (4) and (6)." Motion To Vacate at 2. His showings pursuant to these subsections are also inadequate. A judgment is not "void," within the meaning of Rule 60(b)(4), "simply because it is or may have been erroneous." *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks and citations omitted). Here, Robles-Garcia's entire argument pursuant to Rule 60(b)(4) appears to be that my judgment was or may have been erroneous. As explained above, my denials of an evidentiary hearing and a certificate of appealability are not "fundamental infirmit[ies]" affecting the judgment, *see id.*, but well-founded rejections of Robles-Garcia's claims on the merits. Also, "because '[t]here is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings,'" *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010) (quoting *Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004)), the failure of Robles-Garcia's § 2255 counsel to do all that Robles-Garcia

4

contends that he should have cannot rise to the level of a "fundamental infirmity" within the meaning of Rule 60(b)(4).

Nor is Robles-Garcia entitled to relief under Rule 60(b)(6), which is the "catch-all" provision of the rule stating that relief may be granted for "any other reason that justifies relief." In *Harley v. Zoesch*, 413 F.3d 866 (8th Cir. 2005), the Eighth Circuit Court of Appeals explained that "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his [or her] claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871. A Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). In his Motion To Vacate, however, Robles-Garcia does just that. In doing so, he ignores the very bases on which I rejected each of his claims.

First, Robles-Garcia has not previously sought reconsideration of his claim that his trial counsel was ineffective for failing to investigate adequately possible juror misconduct, as he now does in his Motion To Vacate. Even in this belated request for reconsideration of that claim, however, Robles-Garcia does not address—let alone rebut—my conclusion that there were no allegations or evidence of external influences on the jury, so that there was no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial. *See* Merits Opinion at 14 (citing *United States v. Gianakos*, 415 F.3d 912, 921 (8th Cir. 2005)). Contrary to Robles-Garcia's contentions, the circumstances in his case are even *less* compelling than those found insufficient to require a hearing on juror misconduct in *Gianakos*. In that case, one juror allegedly mouthed to another "he's guilty." *Gianakos*, 415 F.3d at 921. The juror misconduct alleged in Robles-Garcia's case, in contrast, was not premature consideration of his guilt, but only a premature comment on the credibility of certain witnesses, based solely on the jurors' own observations. Merits Opinion at 12-14.

Second, Robles-Garcia does not directly confront the bases on which I rejected both of his formulations of his ineffective assistance of counsel claim relating to plea offers. As to his original formulation of that claim—that his trial counsel was ineffective for failing to inform him of a plea offer from the prosecution, which Robles-Garcia reverts to in his Motion To Vacate—Robles-Garcia has not rebutted the lack of any evidence in the record that there ever was a plea offer for trial counsel to present to him. Again, Robles-Garcia cannot rebut my conclusion that there was no plea offer by asserting that there really was a plea offer, that he saw it, and that the interpreter translated the "plea deal" to him in Spanish without gutting his allegation that the plea offer was never presented to him. As to Robles-Garcia's reformulated ineffective assistance claim—that his trial counsel misadvised him to reject a plea offer and go to trial, based on his new allegation in his Motion For Reconsideration that he was actually aware of a plea offer, Order (docket no. 17) at 2—Robles-Garcia has not rebutted my conclusion that the purported existence of a plea offer was not "newly discovered evidence," but evidence clearly known to him at the time of trial. *Id*. at 4-5.

I conclude that neither Robles-Garcia's prior arguments nor his arguments in the Motion To Vacate now before me establish that there is any basis for relief on any of his claims, that any issue that he raised in these proceedings is debatable among reasonable jurists, that a court could resolve any such issue differently, or that any such issue deserves further proceedings. Consequently, I reiterate that a certificate of appealability will not issue on any claim or contention in these proceedings. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE, Robles-Garcia's *pro se* "Motion To Vacate Order Pursuant To Fed. R. Civ. P. 60(b)(1)(3)(4)(6)" (docket no. 29) is **denied.** No certificate of appealability will issue for any claim or contention in these proceedings.

**IT IS SO ORDERED**.

**DATED** this 16th day of July, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA